UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------X
JASON TORRES,

                                        Plaintiff,

              -against-

THE CITY OF NEW YORK,
P.O. JOSEPH RUGGIERI (Shield No.25662) and
SERGEANT FRANCISCO PEREZ (Shield No.767),

                                        Defendants.

--------------------------------------------------------------------------X

**FIRST
AMENDED
COMPLAINT**

JURY TRIAL
DEMANDED

15 CV 2864 (PGG)

Plaintiff, JASON TORRES, by and through his attorneys, **THE LAW OFFICES OF**

**MICHAEL S. LAMONSOFF, PLLC,** as and for his Complaint, respectfully alleges, upon

information and belief:

## PRELIMINARY STATEMENT

1.      Plaintiff bring this action for compensatory damages, punitive damages and attorney's fees

        pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of his civil rights, as said

        rights are secured by said statutes and the Constitution of the United States of America.

## JURISDICTION

2.      This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the Fourth

        and Fourteenth Amendments to the United States Constitution.

3.      Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343, and 1367.

## VENUE

4.    Venue is properly laid in the Southern District of New York under U.S.C. § 1391(b), in

       that this is the District in which the claim arose.

## JURY DEMAND

5.    Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R.

       Civ. P. 38(b).

## PARTIES

6.    Plaintiff, JASON TORRES, is, and has been, at all relevant times, a resident of the City and

       State of New York.

7.    Defendant, THE CITY OF NEW YORK, was and is a municipal corporation duly organized

       and existing under and by virtue of the laws of the State of New York.

8.    Defendant, THE CITY OF NEW YORK, maintains the New York City Police Department, a

       duly authorized public authority and/or police department, authorized to perform all

       functions of a police department as per the applicable sections of the New York State

       Criminal Procedure Law, acting under the direction and supervision of the aforementioned

       municipal corporation, THE CITY OF NEW YORK.

9.    At all times hereinafter mentioned, the individually named defendants, P.O. JOSEPH

       RUGGIERI (Shield No.25662) and SERGEANT FRANCISCO PEREZ (Shield No.767),

       were duly sworn members of said department and were acting under the supervision of said

       department and according to their official duties.

10.   At all times hereinafter mentioned the defendants, either personally or through their

       employees, were acting under color of state law and/or in compliance with the official rules,

       regulations, laws, statutes, customs, usages and/or practices of the State or CITY OF NEW

2

YORK.

11.    Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant, THE CITY OF NEW YORK.

12.    Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant, THE CITY OF NEW YORK.

## **FACTS**

13.    On or about January 2, 2015, at approximately 2:00 p.m., plaintiff JASON TORRES was lawfully present on the sidewalk in the vicinity of 906 Morris Avenue in Bronx County in the State of New York.

14.    At that time and place, the two members of the NYPD approached plaintiff and immediately placed him in handcuffs.

15.    These two members of the NYPD then commenced to search plaintiff and his belongings, uncovering no evidence of criminal or unlawful activity whatsoever.

16.    Plaintiff was detained in this manner based on false information and instructions provided by the individual defendants P.O. JOSEPH RUGGIERI and SERGEANT FRANCISCO PEREZ.

17.    At no time on or about January 2, 2015 did plaintiff commit any crime or violation of law.

18.    At no time on or about January 2, 2015 did defendants possess probable cause to arrest plaintiff or to order plaintiff's arrest.

19.    At no time on or about January 2, 2015 did defendants possess information that would lead a reasonable officer to believe probable cause existed to arrest plaintiff.

20.    Nevertheless, defendants thereafter transported plaintiff to a nearby precinct.

21.    While in police custody, plaintiff was subjected to a humiliating strip search.

22.    Defendants did not possess the particularized suspicion necessary to justify a search.

23.    After approximately forty-eight hours in custody, plaintiff was released.

24.    The Defendants provided knowingly false and misleading information to prosecutors at the Bronx County District Attorney's Office.

25.    As a direct result of that false and knowingly misleading information, plaintiff was falsely charged with Criminal Sale and Criminal Possession of a Controlled Substance.

26.    As a direct result of the defendants' action, plaintiff was required to make court appearances.

27.    Despite defendants' action, all charges against plaintiff were dismissed in their entirety on March 3, 2015.

28.    As a result of the foregoing, plaintiff JASON TORRES sustained, *inter alia*, mental anguish, shock, fright, apprehension, embarrassment, humiliation, and deprivation of his constitutional rights.

29.    All of the aforementioned acts of defendants, their agents, servants and employees, were carried out under the color of state law.

30.    All of the aforementioned acts deprived plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and were therefore in violation of 42 U.S.C. Section 1983.

31.    The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers with all the actual and/or apparent authority attendant thereto.

32.    The acts complained of were carried out by the aforementioned individual defendants in their capacitates as police officers, pursuant to the customs, usages, practices, procedures, and rules of THE CITY OF NEW YORK and the New York City Police Department, all under

the supervision of ranking officers of said department.

33.    Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted custom, usage, practice, procedure or rule of respective municipality/authority, which is forbidden by the Constitution of the United States.

## FIRST CLAIM FOR RELIEF FOR
## FALSE ARREST UNDER 42 U.S.C. § 1983

34.    Plaintiff JASON TORRES repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

35.    As a result of the defendants' conduct, plaintiff was subjected to illegal, improper and false arrest, taken into custody, and caused to be falsely imprisoned, detained, and confined without any probable cause, privilege, or consent.

36.    As a result of the foregoing, plaintiff's liberty was restricted, he was put in fear for his safety, and he was humiliated and subjected to handcuffing and other physical restraints, without probable cause.

## SECOND CLAIM FOR RELIEF FOR
## DENIAL OF RIGHT TO FAIR TRIAL UNDER 42 U.S.C. § 1983

37.    Plaintiff JASON TORRES repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

38.    Defendants fabricated knowingly false material evidence and forwarded said evidence to prosecutors at the Bronx County District Attorney's Office.

39.    As a result, plaintiff suffered deprivation of his liberty, as he was required to make numerous court appearances to contest the false accusations against him.

40.    As a result of the foregoing, plaintiffs' liberty was restricted, he was put in fear for his safety,

and he was humiliated without probable cause.

## THIRD CLAIM FOR RELIEF FOR
## MALICIOUS PROSECUTION UNDER 42 U.S.C. § 1983

41.    Plaintiff, JASON TORRES, repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

42.    Defendants misrepresented and falsified evidence before the Bronx County District Attorney.

43.    Defendants did not make a complete and full statement of facts to the District Attorney.

44.    Defendants withheld exculpatory evidence from the District Attorney and Grand Jury.

45.    Defendants were directly and actively involved in the initiation of criminal proceedings against plaintiff.

46.    Defendants lacked probable cause to initiate criminal proceedings against plaintiff.

47.    Defendants acted with malice in initiating criminal proceedings against plaintiff.

48.    Defendants were directly and actively involved in the continuation of criminal proceedings against plaintiff.

49.    Defendants lacked probable cause to continue criminal proceedings against plaintiff.

50.    Defendants misrepresented and falsified evidence throughout all phases of the criminal proceedings.

51.    Notwithstanding the perjurious and fraudulent conduct of defendants, the criminal proceedings were terminated in plaintiff's favor.

52.    As a result of the foregoing, plaintiff's liberty was restricted, he was put in fear for his safety, and he was humiliated and subjected to handcuffing and other physical restraints without probable cause.

### FOURTH CLAIM FOR RELIEF FOR
### UNLAWFUL SEARCH UNDER 42 U.S.C. § 1983

53.  Plaintiff JASON TORRES repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

54.  As a result of the defendants' conduct, plaintiff was subjected to an unreasonable strip search.

55.  Defendants did not possess justification or privilege to conduct such a search.

56.  As a result of the foregoing, plaintiff's liberty was restricted, he was put in fear for his safety, and he was humiliated.

### FIFTH CLAIM FOR RELIEF
### FOR MUNICIPAL LIABILITY UNDER 42 U.S.C. § 1983

57.  Plaintiff, repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

58.  Defendants arrested, searched, and incarcerated plaintiff JASON TORRES, in the absence of any evidence of criminal wrongdoing, notwithstanding their knowledge that said search, arrest and incarceration would jeopardize plaintiff's liberty, well-being, safety, and violate their constitutional rights.

59.  The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials, with all the actual and/or apparent authority attendant thereto.

60.  The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of THE CITY OF NEW YORK and the New York City Police

7

Department, all under the supervision of ranking officers of said department.

61.    Those customs, policies, patterns, and practices include, but are not limited to:

      i.    requiring officers to make a predetermined number of arrests and/or issue a predetermined number of summonses within a predetermined time frame;

      ii.    requiring precincts to record a predetermined number of arrests and/or issue a predetermined number of summonses within a predetermined time frame;

      iii.    failing to take any measures to correct unconstitutional behavior when brought to the attention of supervisors and/or policy makers;

      iv.    failing to properly train police officers in the requirements of the United States Constitution.

62.    The aforesaid customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department directly cause, *inter alia*, the following unconstitutional practices:

      i.    arresting individuals regardless of probable cause in order to inflate the officer's arrest statistics;

      ii.    arresting individuals regardless of probable cause in order to positively affect precinct-wide statistics;

      iii.    falsifying evidence and testimony to support those arrests;

      iv.    falsifying evidence and testimony to cover up police misconduct.

63.    The foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department constitute a deliberate indifference to the safety, well-being and constitutional rights of plaintiff, JASON TORRES.

64.    The foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff as alleged herein.

65.    The foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF

8

NEW YORK and the New York City Police Department were the moving force behind the constitutional violations suffered by plaintiff as alleged herein.

66.     As a result of the foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department, plaintiff was placed under arrest unlawfully.

67.     Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of plaintiff.

68.     Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of plaintiff's constitutional rights.

69.     All of the foregoing acts by defendants deprived plaintiff of federally protected constitutional rights, particularly their Fourth and Fourteenth Amendment rights to be free from unreasonable search and seizure.

**WHEREFORE**, the plaintiff respectfully requests judgment against defendants as follows:

i.      an order awarding compensatory damages in an amount to be determined at trial;

ii.     an order awarding punitive damages in an amount to be determined at trial;

iii.    reasonable attorneys' fees and costs under 42 U.S.C. §1988; and

9

iv.    directing such other and further relief as the Court may deem just and proper, together with attorneys' fees, interest, costs and disbursements of this action.

Dated: New York, New York
       March 28, 2016


                              Respectfully submitted,

                              **LAW OFFICES OF MICHAEL S.**
                              **LAMONSOFF, PLLC**
                              *Counsel for the Plaintiff*


                                   /s/
                    By:    JESSICA MASSIMI (JM-2920)
                           32 Old Slip, 8th Floor
                           New York, New York 10005
                           (212) 962-1020


10